IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISABEL RUTTENBERG and <br> AMANDA LAWSON <br> on behalf of Plaintiffs and all others similarly situated, <br>           Plaintiffs, <br><br> v. <br><br> EON CLINICS, P.C., <br> RAJAN SHARMA, and <br> MINTU SHARMA <br><br><br><br>           Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Isabel Ruttenberg and Amanda Lawson ("Plaintiffs") on behalf of themselves and all other plaintiffs similarly situated, by and through their attorneys, and for their Class and Collective Action Complaint against Defendants state as follows:

**Nature of the Action**

1. This civil action is brought by the above-named plaintiff who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**Parties**

2. Plaintiff Isabel Ruttenberg worked for the Defendants for approximately 12 years and worked selling treatment plans to the Defendants' patients.

3. Plaintiff Amanda Lawson worked as a surgical assistant for the Defendants for over 3 years.

4. Defendant Eon Clinics PC is a dental practice with clinics in Wisconsin, Illinois and Indiana. Within this Judicial District it has offices in Skokie, Illinois, Oak Brook Terrace, Illinois, and Schaumburg, Illinois.

5. Defendant Rajan Sharma is the President and Founder of Eon Clinics and controls the Company and oversaw the illegal pay practices described herein. Defendant Mintu Sharma is EON's Chief Financial Officer, oversees payroll, and oversaw the illegal pay practices described herein.

6. Defendant Eon is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

7. During the last three years, Defendant Eon's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

8. Defendants are the Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

9. Defendants are the Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c)

10. Plaintiffs were Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

11. Plaintiffs were Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d)

## Jurisdiction and Venue

12. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

13. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

14. Plaintiffs worked for Defendants within the past three years.

15. Defendants did not pay Plaintiff and similarly situated employees proper overtime wages of one and one-half time their regular rate of pay for all hours worked above forty hours in a work week.

16. Plaintiffs performed their job responsibilities for Defendant in the State of Illinois.

17. Other similarly situated employees have been employed by the Defendant and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

18. The named Plaintiffs, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

19. Upon information and belief, Eon Clinic previously faced governmental action as a result of overtime violations.

**Overtime Rate Violations**

20. Ruttenberg and similarly situated Eon employees were paid, in part, with commissions. However, the Defendants failed to factor these commission payments into their employees' regular rate of pay for overtime purposes.

21. By way of example, for the pay period beginning July 7, 2019, Ruttenberg was paid at the base rate at $26.44 per hour and at the overtime rate of 1.5 times that amount, $39.66 per hour, for overtime hours. However, for that pay period, Ruttenberg also was paid commission of $2,610.00 for the treatment plans that were sold. The $2,610.00 was not factored into her base rate of pay and, therefore, Ruttenberg was underpaid for her overtime hours.

**Misclassification Allegations**

22. For most of the time that Ruttenberg worked for the Defendants, she and similarly situated co-workers were misclassified as exempt employees and paid what purported to be a salary.

23. Plaintiff Ruttenberg, however, did not have duties that would made her exempt from receiving overtime pay.

24. In 2019, the Defendants stopped misclassifying Ruttenberg and converted her to an hourly basis.

25. From the beginning of the statute of limitations period and until she was reclassified as a non-exempt employee, Ruttenberg (and similarly situated coworkers) were denied overtime premiums while they were misclassified.

**Off the Clock Violations**

26. The Defendants required the Plaintiffs and similarly situated workers to work off the clock. For example, Ruttenberg was required to talk to patients in the evenings and on the weekends. Patients would call Ruttenberg off hours regarding appointments, financing, and/or making a payment.

27. Plaintiff Lawson, likewise, was regularly required to work off the clock. For example, she had to contact patients after-hours to check on them, assist when other employees were on vacation, and would have to drive to other offices to pick up supplies without pay.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs seek to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of themselves and all other non-exempt employees who were not fully compensated for overtime hours worked.

29. Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

30. Plaintiffs and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies

31. Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

32. Defendants have known that Plaintiffs and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiffs and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

33. There are estimated to be dozens of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for

adjudicating such claims. Plaintiffs requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

34. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

35. Plaintiffs will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the class.

## COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

36. The Plaintiffs re-allege and incorporate by reference paragraphs 1-34.

37. Under the FLSA, Plaintiffs and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

38. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

39. Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

40. Upon information and belief, Defendants' practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

41. Due to Defendants' violations of the FLSA, the FLSA Class is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

    A. A declaratory judgement that Defendants violated the overtime wage provision of the FLSA as to the Plaintiff and similarly situated employees;

    B. A declaratory judgment that Defendants' violations of the FLSA was willful;

    B. Unpaid overtime compensation;

    B. An additional amount equal as liquidated damages;

    C. Prejudgment interest;

    D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    E. Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

42. Plaintiffs hereby allege and incorporates Paragraph 1 through 39 of this Complaint, as is fully set forth herein.

43. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

44. Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs, and similarly situated employees, for all hours worked in excess of 40 hours in any individual

work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

45. Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times her regular rate for such overtime work.

46. By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

47. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

    A.    A Declaratory Judgement that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiff and similarly situated employees;

    B.    A declaratory judgement that Defendant's violations of the IMWL were willful;

    C.    Unpaid overtime compensation;

    D.    A judgment of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

    E.    A judgement of reasonable attorney's fees and costs incurred in filing this action; and

    F.    Such other and further relief as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: May 18, 2020

Respectfully Submitted,

By: /s/ David J. Fish
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400